TUCKER ELLIS LLP
Mollie F. Benedict - SBN 187084
mollie.benedict@tuckerellis.com
Aggie B. Lee - SBN 228332
aggie.lee@tuckerellis.com
Anna-Sophie Tirre - SBN 336835
anna-sophie.tirre@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

Attorneys for Defendant Eisai Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED RESEARCH CENTER, INC., a California corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>EISAI, INC. a Delaware corporation; WORLDWIDE CLINICAL TRIALS HOLDINGS, INC., a Delaware corporation; WORLDWIDE CLINICAL TRIALS; an entity of unknown form; and DOES 1–50 inclusive,<br><br>                    Defendants. | Case No.<br><br>[Removal from Superior Court of California, County of Los Angeles, Case No.: 21SMCV01629]<br><br>**DEFENDANT EISAI INC.'S NOTICE OF REMOVAL**<br><br>[Filed concurrently with Declaration of Aggie B. Lee; Declaration of Peter Benton; and Certificate of Interested Parties]<br><br>Complaint Filed: October 6, 2021 |

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Eisai Inc. ("Eisai" or "Removing Defendant"), through undersigned counsel, hereby removes this action from the Superior Court of the State of California, County of Los Angeles (Beverly Hills Courthouse), to the United States District Court for the Central District of California.[1]  Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332.  In support of this Notice of Removal, Removing Defendant states as follows:

## I.  THE STATE COURT ACTION

1.       On or about October 6, 2021, Plaintiff Advanced Research Center, Inc. ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of California, County of Los Angeles, bearing Case No. 21SMCV01629.  (*See* Declaration of Aggie B. Lee ("Lee Decl."), Exhibit A, Complaint.)

2.       The Complaint names as Defendants Eisai, Worldwide Clinical Trials Holdings, Inc. ("WCT Holdings"), Worldwide Clinical Trials ("WCT") (collectively, "Defendants"), and fifty fictitious "Doe" defendants.  (*See* Lee Dec., Ex. A.)

3.       Plaintiff alleges that it entered into a written contract with Defendants whereby Plaintiff would locate potential patients to enroll in a clinical trial hosted by Plaintiff's facility regarding a new pharmaceutical drug.  (Lee Decl., Ex. A at ¶ 14.)

4.       Plaintiff alleges that while the clinical trial was ongoing, Defendants made false claims that Plaintiff had improperly recruited some of its study patients from homeless shelters and used this as a pretext to terminate the agreement with Plaintiff. (Lee Decl., Ex. A at ¶ 16.)  Plaintiff alleges that Defendants also breached the agreement by failing to timely pay Plaintiff.  (Lee Decl., Ex. A at ¶ 17.)

---

[1]       By removing this action to this Court, Eisai does not waive any defenses, objections, or motions available under state or federal law.  Further, Eisai expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on grounds of lack of personal jurisdiction, insufficient or improper service, improper venue, or forum *non conveniens.*

5.     Plaintiff further alleges that Defendants contacted other Study Sponsors and made certain statements to those Study Sponsors, causing them to breach their contracts with Plaintiff and reject Plaintiff's applications to become a study site.  (Lee Decl., Ex. A at ¶¶ 18–19.)

6.     Based on the foregoing, Plaintiff alleges causes of action for breach of written contract, breach of covenant of good faith and fair dealing, intentional interference with contract, intentional interference with prospective economic advantage, negligent interference with contract and prospective economic advantage, civil conspiracy, and declaratory relief.  (*See generally,* Lee Decl., Ex. A.)

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

7.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1441 because: (1) Plaintiff and Defendants are diverse; and (2) Plaintiff's claims put more than $75,000.00 in controversy, exclusive of costs and interest.

### A.    Complete Diversity of Citizenship Exists between the Parties.

8.     None of the Defendants is a citizen of the same state as Plaintiff. Complete diversity therefore exists under 28 U.S.C. § 1332(a).

9.     Upon information and belief, Plaintiff is, and at the time of filing this action was, incorporated in California with its principal place of business also in California. (*See* Lee Decl. at ¶ 5, Ex. A, ¶ 13.)  Accordingly, Plaintiff is a citizen of the State of California for purposes of determining diversity of citizenship.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

10.    Defendant Eisai is, and at the time of filing this action was, incorporated in Delaware with its principal place of business in New Jersey.  (*See* Lee Decl. at ¶ 6.) Accordingly, Eisai is a citizen of the State of Delaware and the State of New Jersey for

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

purposes of determining diversity of citizenship. *See* 28 U.S.C. § 1332(c)(1).

11.    Defendant WCT Holdings is, and at the time of filing this action was, incorporated in Delaware with its principal place of business in North Carolina. (*See* Declaration of Peter Benton ("Benton Decl.") at ¶ 2.) Accordingly, WCT Holdings is a citizen of the State of Delaware and the State of North Carolina for purposes of determining diversity of citizenship. *See* 28 U.S.C. § 1332(c)(1). Plaintiff's allegation in the Complaint that WCT Holdings has its principal place of business in Beverly Hills, California is incorrect. (*See* Lee Decl., Ex. A at ¶ 2; Benton Decl. at ¶ 2.)

12.    Plaintiff's Complaint names Defendant Worldwide Clinical Trials as "an entity of unknown form." (*See* Lee Decl., Ex. A at ¶ 2.) Because there is no entity named Worldwide Clinical Trials (*see* Benton Decl. at ¶ 4), it is a fictitious defendant, which is not considered for purposes of determining diversity jurisdiction. *See* 28 U. S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Even if Plaintiff meant to name Worldwide Clinical Trials, Inc. ("WCTI") as a defendant in this case, WCTI is, and at the time of filing this action was, incorporated in Delaware with its principal place of business in North Carolina. (*See* Benton Decl. at ¶ 5.) Accordingly, WCTI is a citizen of the State of Delaware and the State of North Carolina for purposes of determining diversity of citizenship. *See* 28 U.S.C. § 1332(c)(1).

13.    The citizenships of the Doe Defendants are not considered for purposes of determining diversity jurisdiction, as these are fictitious Defendants. *See* 28 U. S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

14.    Accordingly, this action involves "citizens of different States." *See* 28 U.S.C. § 1332(c)(1). Because Plaintiff is an citizen of the State of California and no other defendant is a citizen of the State of California, removal of this action is proper

TUCKER ELLIS LLP
Chicago ● Cleveland ● Columbus ● Los Angeles ● San Francisco ● St. Louis

under 28 U.S.C. § 1441(b).

**B.    The Amount in Controversy Requirement is Satisfied.**

15.    It is facially evident from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

16.    In its Complaint, Plaintiff claims "general and specific damages according to proof at the time of trial, but in no event less than $1,000,000."  (Lee Decl., Ex. A, p. 13, ln. 4–5.)

17.    Additionally, Plaintiff seeks punitive damages, attorney's fees, interest allowed by law, and costs of suit.  (Lee Decl., Ex. A, p. 13, ln. 6–10.)

18.    Based on the nature of the alleged injuries and the claims, it is facially evident from the allegations in the Complaint that Plaintiff seeks in excess of $75,000.00, and thus the amount in controversy under 28 U.S.C. § 1332 is therefore satisfied.

## III.    REMOVING DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

19.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which allows a defendant to remove a case within thirty days of receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

20.    Eisai was served on March 31, 2022.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

21.    Additionally, this Notice of Removal is being filed within one year of commencement of the action.  *See* 29 U.S.C. § 1446(c)(1).

22.    Pursuant to 28 U.S.C. § 1446(b)(2)(A), Eisai has received the consent of the other Defendants WCT Holdings and WCT (or WCTI) for this removal.  (*See* Benton Decl. at ¶ 3.)

23.    The Superior Court of the State of California, County of Los Angeles is located within the United States District Court for the Central District of California.  *See*

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

28 U.S.C. §§ 84(c)(2); 1441(a).

24. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings filed in the action are attached as Exhibit B to the Declaration of Aggie B. Lee.

25. No previous application has been made for the relief requested herein.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and counsel for WTC Holdings and WTC, and a copy is being filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

27. By removing this action to this Court, Eisai does not waive any defenses, objections, or motions available under state or federal law.

ACCORDINGLY, Eisai removes this action and gives notice to Plaintiff, WTC Holdings, WTC, and the Superior Court of California, County of Los Angeles, that the State Court Action is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b)(1) and shall proceed no further pursuant to 28 U.S.C. § 1446(d).

DATED: April 29, 2022                 Tucker Ellis LLP


                                      By: */s/ Aggie B. Lee*
                                      Mollie F. Benedict
                                      Aggie B. Lee
                                      Anna-Sophie Tirre
                                      Attorneys for Defendant Eisai Inc.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

DEFENDANT EISAI INC.'S NOTICE OF REMOVAL