# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/06/2021 01:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Young II,Deputy Clerk
21SMCV01629

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Eisai, Inc. a Delaware corporation; [Additional parties attachment form is attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Advanced Research Center, Inc., a California corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court,<br>Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>21SMCV01629 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark J. Butler, Mark Butler & Associates, 4667 MacArthur Blvd., Suite 200, Newport Beach, CA 92660 (949) 500-6277

| DATE: 10/06/2021<br>*(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court Clerk, by | M. Young II | , Deputy<br>*(Adjunto)* |
|---|---|---|---|
| | *(Secretario)* | | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* EISAI, INC. A DELAWARE CORPORATION

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | Page 1 of 1 |
|---|---|---|

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |
|---|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Advanced Research Center, Inc. v Eisai, Inc. et al | 21SMCV01629 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff   [x] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

Worldwide Clinical Trials Holdings, Inc., a Delaware corporation; Worldwide Clinical Trials; an entity of unknown form; and DOES 1 - 50 inclusive

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]        [ Clear this form ]

21SMCV01629

Assigned for all purposes to: Beverly Hills Courthouse, Judicial Officer: Helen Zukin

Electronically FILED by Superior Court of California, County of Los Angeles on 10/06/2021 01:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Young II,Deputy Clerk

1  MARK BUTLER & ASSOCIATES
   Mark J. Butler, Bar No. 207909
2  mark.butler@mbutler-law.com
   4667 McArthur Blvd., Suite 200
3  Newport Beach, CA 92660
   Telephone: (949) 500-6277
4

5  Attorneys for Plaintiffs Advanced Research Center, Inc.

6

7              SUPERIOR COURT OF CALIFORNIA

8                COUNTY OF LOS ANGELES

9

10 Advanced Research Center, Inc.,        )  Case No.: 21SMCV01629
   a California corporation,              )  COMPLAINT FOR :
11                                        )  1) BREACH OF WRITTEN CONTRACT;
                  Plaintiff,              )  2) BREACH OF COVENANT OF GOOD
12                                        )     FAITH AND FAIR DEALING;
                                          )  3) INTENTIONAL INTERFERENCE WITH
13     vs.                                )     CONTRACT;
                                          )  4) INTENTIONAL INTERFERENCE WITH
14 Eisai, Inc. a Delaware corporation; Worldwide )  PROSPECTIVE ECONOMIC ADVANTAGE;
   Clinical Trials Holdings, Inc., a Delaware    )  5) NEGLIGENT INTERFERENCE WITH
15 corporation; Worldwide Clinical Trials; an entity )  CONTRACT AND PROSPECTIVE
   of unknown form; and DOES 1 - 50 inclusive, )  ECONOMIC ADVANTAGE;
16                                        )  6) CIVIL CONSPIRACY; AND
                  Defendants.             )  7) DECLARATORY RELIEF
17                                        )
                                          )
18                                        )
                                          )  JURY TRIAL DEMANDED
19                                        )
                                          )  DECLARATORY RELIEF REQUESTED
20                                        )
                                          )
21                                        )

22

23

24

25

26

27

28

                              1

                          COMPLAINT

1    Plaintiff Advanced Research Center, Inc. alleges as follows:

2                    **PARTIES TO THE ACTION**

3       1.    Plaintiff Advanced Research Center, Inc. is and at all times relevant to this complaint

4  was a California corporation doing business in the city of Anaheim in the State of California.

5                           **DEFENDANTS**

6

7       2.    Plaintiff is informed and believes and on that basis alleges that defendant Worldwide

8  Clinical Trials Holdings, Inc. is, and at all times relevant to this complaint was, a corporation

9  organized and existing under the laws of the State of Delaware with its principal place of business

10  located in Beverly Hills, California.  Plaintiff is further informed and believes and on that basis alleges

11  that this defendant does, and at all times relevant to this complaint did, transact business in the State of

12  California, and that some of the tortious, unlawful, unfair, fraudulent, deceptive, untrue, and

13  misleading conduct that this defendant engaged in, as alleged in this complaint, occurred in Beverly

14  Hills, California and/or the damages from that misconduct occurred in or arose from Beverly Hills,

15  California in Los Angeles County.

16       3.    Plaintiff is informed and believes and on that basis alleges that defendant Worldwide

17  Clinical Trials is, and at all times relevant to this complaint was, an entity of unknown form that

18  operated in California.  Plaintiff is further informed and believes and on that basis alleges that this

19  defendant does, and at all times relevant to this complaint did, transact business in the State of

20  California, and that some of the tortious, unlawful, unfair, fraudulent, deceptive, untrue, and

21  misleading conduct that this defendant engaged in, as alleged in this complaint, occurred in Los

22  Angeles County, and/or the damages from that misconduct occurred in or arose from California in Los

23  Angeles County.

24       4.    Plaintiff is informed and believes and on that basis alleges that defendant Eisai, Inc. is,

25  and at all times relevant to this complaint was, a corporation organized and existing under the laws of

26  the State of Delaware with its principal place of business located in that State of New Jersey.  Plaintiff

27  is further informed and believes and on that basis alleges that this defendant does, and at all times

28  relevant to this complaint did, transact business in the State of California, and that some of the

COMPLAINT

1  tortious, unlawful, unfair, fraudulent, deceptive, untrue, and misleading conduct that this defendant

2  engaged in, as alleged in this complaint, occurred in Los Angeles California and/or the damages from

3  that misconduct occurred in or arose from California in Los Angeles County.

4  ## DOE DEFENDANTS

5      5.    The true names and capacities of the Defendants, DOES 1 through 50, whether

6  individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this

7  Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of

8  Court to amend this Complaint to show their true names or capacities when the same have been

9  ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants

10  is, in some manner, responsible for the events and happenings herein set forth and proximately caused

11  injury and damages to the Plaintiff as herein alleged.

12      6.    Plaintiff is informed and believes and on that basis alleges that each of the fictitiously

13  named Doe Defendants is in some manner responsible for the damages to Plaintiff as alleged in this

14  Complaint.  Plaintiff will amend this Complaint to show the true names and capacities of these

15  fictitiously named Doe Defendants after their true names and capacities have been ascertained.

16      7.    Plaintiff is informed and believes and on that basis alleges that at all times herein

17  mentioned, DOE DEFENDANTS 1-20 were the agents and/or joint tortfeasors of defendant

18  Worldwide Clinical Trials Holdings, Inc., and in doing the things mentioned herein were acting within

19  the scope of such agency and/or joint actions.

20      8.    Plaintiff is informed and believes and on that basis alleges that at all times herein

21  mentioned, DOE DEFENDANTS 21-40 were the agents and/or joint tortfeasors of defendant

22  Worldwide Clinical Trials, and in doing the things mentioned herein were acting within the scope of

23  such agency and/or joint actions.

24      9.    Plaintiffs are informed and believe and on that basis allege that at all times herein

25  mentioned, DOE DEFENDANTS 41-50 were the agents, employees, affiliates, related entities, and/or

26  joint tortfeasors of defendant Eisai, Inc., and in doing the things mentioned herein were acting within

27  the scope of such agency, employment, affiliation, relationship and/or joint actions.

28

COMPLAINT

**JURISDICTION AND VENUE**

10.    Venue is proper in the Los Angeles County Superior Court because, upon information and belief, the principal place of business for defendants Worldwide Clinical Trials Holdings, Inc. and Worldwide clinical trials are located in Los Angeles County.

11.    The monetary damages sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.  Further, there is no federal question at issue and the causes of action and remedies relating thereto are based solely on California statutes and California common law.

12.    The Court properly can and should apply California law to all of the claims and issues asserted herein.  California is the state in which the contract at issue in this case was to be performed, Plaintiff and defendants Worldwide Clinical Trials Holdings, Inc. and Worldwide Clinical Trials have their principal places of business in California, and the California is the state in which the misconduct alleged herein emanated.  As such, no state has a greater interest than California in having its law apply to this case.

**BRIEF FACTUAL BACKGROUND**

13.    Plaintiff, Advanced Research Center, Inc. ("Plaintiff" or "ARC") is an entity with its principal place of business located in Anaheim, California that, among other things, contracts with companies for the human clinical testing of pharmaceuticals as part of process for new pharmaceuticals to eventually be approved by various governmental agencies for use as an approved medication.

14.    ARC entered into a written contract with defendants Eisai, Inc., and its agents defendants Worldwide Clinical Trials Holdings, Inc. and Worldwide Clinical Trials (collectively "Defendants") whereby ARC's facility would host a clinical trial of the new pharmaceutical.  As part of this contract, ARC located potential study patients who fit certain criteria, ARC submitted those

4

potential study patients to Defendants for their approval, and ARC conducted a clinical trial of the new pharmaceutical on the study patients approved by Defendants with ARC reporting on the patients while the clinical trial was ongoing.

15.     ARC in fact located a number of potential study patients and submitted those potential study patients to Defendants for their approval as study participants.

16.     Defendants approved a number of the potential patients located and submitted to them by ARC, and ARC was conducting the study/clinical trial and meeting all of its material obligations under the contract with Defendants.  In mid-2019, while the clinical trial was ongoing, Defendants made false claims that ARC had improperly recruited some of its study patients from homeless shelters which Defendants used as a pretext for terminating ARC as a study site before the completion of the study.  And Defendants did terminated Plaintiffs as a study site under that false pretense despite the fact that ARC was properly following all protocols and fully performing all of its material obligations under its contract with Defendants.

17.     In addition to falsely accusing ARC of recruiting patients from homeless shelters, and using that false allegation as a pretext to improperly terminate ARC as a study site, Defendants breached the contract by failing to timely pay ARC's fees earned for the work performed by ARC. Moreover, not only did Defendants fail to timely pay the amounts owed ARC when due pursuant to the contract terms, but even after ARC complained about that failure, and even after ARC spent well over a month challenging Defendants' position regarding the actual amount due ARC for work performed by it, and even after Defendants arrived to Defendants' stated position as to how much Defendants admittedly owed ARC (which amount was not correct), Defendants failed to tender the amount it admittedly owed to ARC for well over 6 months after Defendants came to their incorrect calculation, when Defendants did tender the insufficient payment to ARC, Defendants attempted to condition the payment of those admittedly owed funds to ARC upon agreeing that Defendants'

calculation of the amount owed at ARC, which was NOT correct, represented payment to ARC for all of the work/services ARC performed under the contract, when in fact the actual amount ARC was owed under the express terms of the contract (as ARC has previously explained in detail to Defendants more than 6 months before the tender) was much more than the amount as calculated by Defendants and then over 6 months later tendered to ARC.

18.     Moreover, after Defendants improperly terminated ARC as a study site, other Study Sponsors with which ARC had agreements to act as a clinical trial study site for other pharmaceutical studies breached their agreements with ARC.  ARC later determined that Defendants has actively contacted some of those other Study Sponsors and made statements to those other Study Sponsors which caused those other Study Sponsors to breach their contracts with ARC.

19.     In addition, after Defendants improperly terminated ARC as a study site, on multiple occasions ARC applied to be a study site with other Study Sponsors with which ARC had a previous business relationship, but ARC was not selected as a study site.  ARC later determined that the reason it was not selected as a study site by those Study Sponsors with which it had a previous relationship was because Defendants affirmative, improper and ongoing tortious actions against ARC interfered with ARC's relationship with those other Study Sponsors, resulting ARC not being selected by them as a study site by them.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

20.     Plaintiffs hereby reincorporate by reference all the allegations in paragraphs 1 through 19 as if they were set forth in full in this paragraph.

21.     Plaintiff and Defendants entered into a written contract pursuant to which Plaintiff would perform certain services for Defendants as a clinical trial site for a particular pharmaceutical (i.e. medication).

6

22.     Plaintiff fully performed all material conditions, covenants, and promises to be performed on Plaintiff's part under the contract, or it has been excused from having to do those things.

23.     Defendants breached the contract failing to timely pay Plaintiff amounts due for work performed by Plaintiff, attempting to improperly condition payment to Plaintiff of a lower amount than what Plaintiff was actually owed upon Plaintiff agreeing to that lower amount as the correct amount, by forcing Plaintiff to halt its work on the study before it was completed, and by improperly terminating Plaintiff as a study site based on false pretexts.

24.     As a proximate result of these breaches of the contract, as herein alleged, Plaintiff has been damaged in an amount to be proven at time of trial, which sum is in excess of the jurisdictional amount of this Court.

## SECOND CAUSE OF ACTION

## BRECH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

25.     Plaintiffs hereby reincorporate by reference all the allegations in paragraphs 1 through 19 as if they were set forth in full in this paragraph.

26.     Plaintiff and Defendants entered into a written contract pursuant to which Plaintiff would perform certain services for Defendants as a clinical trial site for a particular pharmaceutical (i.e. medication).

27.     Plaintiff did all, or substantially all, of the significant things that the contract required them to do, except for those things which Plaintiff were excused from doing.

28.     All of the conditions required for Defendants' performance under the contract have occurred.

29.     By engaging in the acts alleged of Defendants in this complaint, Defendants unfairly and intentionally took acts that interfered with Plaintiff's right to receive the benefits of the contract.

30.     By engaging in the acts alleged of Defendants in this complaint, which deprived

7

Plaintiff of its expectations under the contract, Defendants breached the covenant of good faith and fair dealing implied in all contracts by California law.

31. Defendants' actions, as alleged in this complaint, were and continue to be unfair and taken in bad faith and were conscious and deliberate acts that unfairly frustrated the agreed common purpose of the contract and disappointed the reasonable expectations of Plaintiff to the contract.

32. These intentional, bad-faith acts were designed to frustrate the benefits Plaintiff was to receive under the contract.

33. Plaintiff was and continues to be harmed as a direct result of Defendants' conduct in violation of the implied covenant of good faith and fair dealing in that, among other things, Plaintiff has lost significant sums in earned and unpaid fees and Plaintiff has suffered ongoing damage to its business, all to the harm and injury of Plaintiff, and in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH CONTRACT

34. Plaintiffs hereby reincorporate by reference all the allegations in paragraphs 1 through 19 as if they were set forth in full in this paragraph.

35. Plaintiff had contracts with certain third-party Study Sponsors, of which contracts Defendants had knowledge.

36. Those third-party Study Sponsors breached/cancelled their contracts with ARC.

37. ARC later determined that the reason those third-party Study Sponsors breached/cancelled their contracts with ARC was due to certain intentional actions taken by Defendants, including but not limited to communications by Defendants to those third-party Study Sponsors, that induced those third-party Study Sponsors to breach/cancel their contracts with ARC.

38. The breach/cancellation of ARC's contracts with those third-party Study Sponsors damaged ARC in that it lost out on work that would have produced substantial profits to ARC.

39.    Moreover, Defendants' actions were intentional, willful, fraudulent, malicious, and oppressive.  Indeed, Defendants' conduct was intended to cause injury to Plaintiff and was despicable conduct which was carried on by Defendants with a willful and conscious disregard for the rights of Plaintiff and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  Moreover, the Defendants' conduct was performed, authorized, and ratified by their officers, directors, and/or managing agents.  Accordingly, Plaintiff is entitled to punitive and exemplary damages in an amount according to proof.

**FOURTH CAUSE OF ACTION**

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

40.    Plaintiffs hereby reincorporate by reference all the allegations in paragraphs 1 through 19 as if they were set forth in full in this paragraph.

40.    Plaintiff had prospective economic advantages and/or relationships with certain third-party Study Sponsors.

41.    Because of the intentional actions taken by Defendants, including but not limited to Defendants' actions alleged in this Complaint, when ARC attempted to monetize those prospective advantages and/or relationships by, among other things, applying to perform services for those third-party Study Sponsors as a clinical trial site on pharmaceutical studies, ARC was not selected to be a clinical trial site by those third-party Study Sponsors.

42.    ARC later determined that a reason why those third-party Study Sponsors with whom it had a prospective economic advantages and/or relationships did not select ARC to be a clinical trial site was due to certain intentional actions taken by Defendants that were independently wrongful and tortious, that resulted in those third-party Study Sponsors not selecting ARC as a clinical trial site.

43.    Defendants' actions which caused ARC to lose out on being a clinical trial site for those third-party Study Sponsors damaged ARC in that it lost out on work that would have produced

9

substantial profits to ARC.

44.    Moreover, Defendants' actions were intentional, willful, fraudulent, malicious, and oppressive.  Indeed, Defendants' conduct was intended to cause injury to Plaintiff and was despicable conduct which was carried on by Defendants with a willful and conscious disregard for the rights of Plaintiff and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  Moreover, the Defendants' conduct was performed, authorized, and ratified by their officers, directors, and/or managing agents.  Accordingly, Plaintiff is entitled to punitive and exemplary damages in an amount according to proof.

## FIFTH CAUSE OF ACTION

## NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

45.    Plaintiff hereby reincorporates by reference all the allegations in paragraphs 1 through 19 as if they were set forth in full in this paragraph.

46.    Plaintiff had certain contracts and/or prospective economic advantages with various third-party Study Sponsors.

47.    Because of the actions taken by Defendants, including but not limited to Defendants' actions alleged in this Complaint, when ARC attempted to monetize those prospective advantages and/or relationships by, among other things, applying to perform services for those third-party Study Sponsors as a clinical trial site on pharmaceutical studies, ARC was not selected to be a clinical trial site by those third-party Study Sponsors.

48.    ARC later determined that a reason why those third-party Study Sponsors did not select ARC to be a clinical trial site was due to actions taken by Defendants, and that Defendant either knew, or should have reasonably known, that Defendants' actions would result in third-party Study Sponsors not selecting ARC as a clinical trial site.

49.    Defendants' actions which caused ARC to lose out on being a clinical trial site for

10

those third-party Study Sponsors was at the very least, negligent, and damaged ARC in that it lost out on work that would have produced substantial profits to ARC.

## SIXTH CAUSE OF ACTION

## CIVIL CONSPIRACY

50.    Plaintiffs hereby reincorporate by reference all the allegations in paragraphs 1 through 44 as if they were set forth in full in this paragraph.

51.    Plaintiff is informed and believes and on that basis alleges that all of the named defendants, and DOES 1 – 50, inclusive, knowingly and willfully conspired and agreed amongst themselves to engage in the above-described tortious misconduct for their own benefit and financial gain and to the detriment of Plaintiff.

52.    The Defendants commenced the herein alleged misconduct within the last four (4) years and have continued in this course of action through the present date.  The last act in furtherance of the conspiracy has yet to occur as Defendants continue to engage in the aforesaid misconduct uninterrupted.

53.    As a proximate result of the wrongful acts as herein alleged which form the subject matter of the conspiracy, Plaintiff has been generally damaged in an amount to be established according to proof at trial.

54.    As a proximate result of the wrongful acts as herein alleged which form the subject matter of the conspiracy, Plaintiff has been specially damaged in an amount to be established according to proof at trial.

55.    In doing the things herein alleged, the Defendants, and each of them, acted willfully intentionally, and maliciously with total disregard of the rights of Plaintiff and with the intent to cause damages to Plaintiff.  Such conduct on the part of Defendants warrants an assessment of punitive damages in an amount to be established according to proof and sufficient to punish Defendants and

11

deter others from engaging in similar misconduct.

## SEVENTH CAUSE OF ACTION

## DECLARATORY RELIEF

56.     Plaintiffs hereby reincorporate by reference all the allegations in paragraphs 1 through 57 as if they were set forth in full in this paragraph.

57.     ARC and Defendants entered into a written contract.

58.     While ARC was performing its obligations under that written contract acting as a clinical trial site for Defendants' pharmaceutical study, Defendants made a false assertion that ARC had improperly recruited potential patients that were living in a homeless shelter(s), submitted those potential patients to Defendants for approval, and after their approval by Defendants, included those patients in the clinical trial study conducted by ARC for Defendants.

59.     Defendants used this supposed recruitment of patients that resided in homeless shelters as a pretext to terminate ARC as a study site for the clinical trial.

60.     ARC always contended, and still contends, that it did nothing wrong in either the recruitment, submission to Defendants for approval, or inclusion of patients in the clinical trial conducted by ARC for Defendants with regard to whether or not any of the study patients resided in homeless shelters.

61.     Pursuant to California Code of Civil Procedure §1060 *et seq.*, ARC is requesting that the Court declare that Defendants improperly terminated ARC as a clinical trial site based on the pretext that ARC had improperly recruited, submitted for approval, and included within the clinical trial study that ARC conducted for Defendants patients that resided in homeless shelters.

//

//

//

12

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays as follows with regard to the above causes of action:

AS TO THE CAUSES OF ACTION ONE THROUGH SIX:

1.      For general and specific damages according to proof at time of trial, but in no event less than $1,000,000;

2.      For punitive damages, where allowed, to be determined at trial;

2.      For attorneys' fees;

3.      For interest as allowed by law; and

4.      For cost of suit herein.

AS TO THE SEVENTH CAUSE OF ACTION:

1.      For a judicial determination that Defendants improperly terminated Plaintiff as a clinical trial study site.

2.      For attorneys' fees; and

3.      For costs of suit herein.

AS TO ALL CAUSES OF ACTION:

1.      For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on its first, second, third, fourth, fifth and sixth causes of action, and requests an advisory jury on the seventh cause of action.

Dated:  October 6, 2021                     MARK BUTLER & ASSOCIATES
                                            MARK J. BUTLER


                                            By: _____
                                                Mark J. Butler
                                                Attorneys for Plaintiff
                                                Advanced Research Center, Inc.

13

COMPLAINT