**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ADVANCED RESEARCH CENTER, INC., a California corporation,

Plaintiff,

v.

EISAI INC. a Delaware corporation; WORLDWIDE CLINICAL TRIALS HOLDINGS, INC., a Delaware corporation; WORLDWIDE CLINICAL TRIALS; an entity of unknown form; and DOES 1–50 inclusive,

Defendants.

Case No. 2:22-cv-02862-SSS-AFMx

**ORDER GRANTING IN PART DEFENDANT EISAI'S MOTION TO DISMISS [DKT. 53] AND GRANTING IN PART DEFENDANT WORLDWIDE'S MOTION TO DISMISS [DKT. 54]**

Before the Court is Defendant Eisai Inc.'s ("Eisai") motion to dismiss Plaintiff Advanced Research Center, Inc.'s ("Plaintiff" or "ARC") First Amended Complaint ("FAC") [Dkt. 53], and Defendant Worldwide Clinical Trial Holdings, Inc.'s ("Worldwide") motion to dismiss Plaintiff's FAC [Dkt. 54]. For the reasons below, the Court **GRANTS IN PART** Eisai's motion and **GRANTS IN PART** Worldwide's motion.

## I. BACKGROUND

On October 6, 2021, Plaintiff filed a Complaint in Orange County Superior Court alleging causes of action for breach of written contract; breach of covenant of good faith and fair dealing; intentional interference with contract; intentional interference with prospective economic advantage; negligent interference with contract and prospective economic advantage; civil conspiracy; and declaratory relief against Defendants. Defendant Eisai timely removed this case to this Court on April 29, 2022. [Dkt. 1].

Both Eisai and Worldwide filed separate Motions to Dismiss Plaintiff's Complaint based on California Code of Civil Procedure section 425.16 et seq. ("Anti-SLAPP Statute") and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court granted Eisai's Motion to Dismiss with leave to amend on January 4, 2023. [Dkt. 49]. Plaintiff voluntarily withdrew its claim for civil conspiracy and its prayer for attorneys' fees. The Court dismissed with leave to amend Plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief for failure to state a claim. Plaintiff consented to the dismissal of its claims for intentional interference with contract, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage and requested leave to amend. The Court granted Plaintiff leave to amend, but with regard to the claims of which Plaintiff consented dismissal, the Court instructed Plaintiff to "review and address the purported deficiencies identified by both defendants in

their respective motions to dismiss" and informed Plaintiff that if "the Court finds that [Plaintiff's] amended allegations are deficient for the reasons previously asserted by Eisai and Worldwide, the Court may dismiss these causes of action with prejudice . . . ." [Dkt. 49 at 2–3]. Plaintiff filed a First Amended Complaint on January 19, 2023. [Dkt. 50 ("FAC")].

The FAC alleges the same causes of action against Eisai as the original Complaint, except that it omits the Sixth Cause of Action for Civil Conspiracy, the Seventh Cause of Action for Declaratory Relief, and the prayer for attorneys' fees. [*See* Dkt. 50].

Plaintiff operates clinical testing sites and contracts with companies seeking government approval of pharmaceuticals. [FAC ¶ 13]. Defendant Eisai entered into a contract with Plaintiff to host a clinical trial for a new medication. [*Id.* at ¶ 14]. As a part of the study, Eisai allegedly hired Worldwide as a Contract Research Organization (CRO). [Dkt. 55-1 at 2]. As a CRO, Worldwide was responsible for monitoring Research Center's work and reporting back to Eisai. [*Id.*]

After several months of work, Eisai terminated the contract. [FAC ¶ 23]. Eisai claims to have terminated the contract over allegations that Plaintiff improperly recruited study participants from homeless shelters. [*Id.* at ¶ 16]. Eisai eventually paid Research Center $176,018, but Research Center contends that it is stilled owed $36,236.30 under the contract. [*Id.* ¶ 23].

After Eisai terminated its contract with Plaintiff, Alkermes, a third party, canceled its Research Center contract for a separate set of clinical trials. [*Id.* ¶ 37]. Plaintiff was informed that Alkermes's cancelation was a result of "internal information" revealed by Worldwide. [*Id.*]. Worldwide was also serving as a CRO for Alkermes's clinical trials. [*Id.*]; [Dkt. 55 at 23].

Plaintiff alleges that Eisai breached the Agreement in two ways: by "falsely accusing" Plaintiff of recruiting patients from homeless shelters and

using that allegedly false accusation as a pretext for terminating the Agreement; and by failing to "fully and timely" pay Plaintiff's fees "based on the terms set forth in Attachment A" to the Agreement. [FAC ¶ 17, 21]. In addition, Plaintiff alleges that Eisai breached the Agreement by "attempting to improperly condition any post-contract termination payment to ARC on ARC agreeing to accept less than it was owed by Eisai[ ] as full payment and upon ARC signing a release of claims against all Defendants." [FAC ¶ 23].

In addition to its contract-based claims, Plaintiff alleges that following the termination, Defendants actively contacted "other Study Sponsors" and made statements to those Study Sponsors, causing them to either breach their contracts with Plaintiff or decide not to select Plaintiff as a study site. [FAC ¶¶ 18–19, 44–46]. Plaintiff seeks "damages according to proof at trial, but in no event less than $1,000,000" and punitive damages. [FAC at 18].

## II. LEGAL STANDARD

### A. California Anti-SLAPP Motion

In California, a special motion to strike is authorized against actions that are brought "primarily to chill the valid exercise of constitutional rights of freedom of speech and petition for the redress of grievances." Code Civ. Proc., § 425.16(a). California's anti-SLAPP provisions apply in federal diversity jurisdiction cases. *See, e.g. United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.,* 190 F.3d 963, 973 (9th Cir. 1999); *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 810 (N.D. Cal. 2019).

The SLAPP statute involves a two-step process. Cal. Code Civ. P. § 425.16(b)(1). First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity, namely that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition for the redress of grievances or free speech under the United States or California Constitution

in connection with a public issue." *Id.*; *Blanchard v. DIRECTV, Inc.,* 123 Cal. App. 4th 903, 917-918 (2004). The statute defines the acts subject to an anti-SLAPP motion as:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,
>
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,
>
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or
>
> (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Code Civ. Proc. § 425.16(e) (emphasis added).

Second, if the court finds such a showing has been made, the burden then shifts to plaintiff to establish a probability that it will prevail on its claims against defendant. Cal. Code Civ. P. § 425.16(b)(1); *HMS Capital, Inc. v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 211 (2004). In deciding an anti-SLAPP motion, "the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Code Civ. P. § 425.16(b)(2). If the plaintiff cannot demonstrate a reasonable probability that it will prevail on its claim, the motion to dismiss should be granted. *See Beilenson v. Superior Ct.*, 44 Cal. App. 4th 944, 952 (1996); *Evans v. Unkow,* 38 Cal. App. 4th 1490, 1499 (1995). A defendant that prevails on an anti-SLAPP motion "shall be entitled to recover his or her attorney's fees and costs," with limited exceptions. Code Civ. Proc., § 425.16(c)(1).

**B. Federal Rule of Civil Procedure 12(b)(6)**

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of the claims asserted in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Subject to Rule 12(b)(6), the Court reviews the complaint for facial plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Twombly*, 550 U.S. at 555 (citations and footnote omitted).

In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

## III. DISCUSSION

Both Eisai and Worldwide move to dismiss all claims against each of them, respectively, for failure to state a claim. Eisai moves to dismiss Plaintiff's

First, Second, Third, Fourth, and Fifth Causes of Action, and Worldwide moves to dismiss Plaintiff's Third, Fourth, and Fifth Causes of Action.

**C. Eisai's Motion to Dismiss Under Rule 12(b)(6)**

Eisai moves to dismiss all of Plaintiff's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**1. *First Cause of Action: Breach of Contract***

Eisai argues Plaintiff failed to state a claim for breach of contract. "To establish a claim for breach of contract, a plaintiff must provide proof of 'a valid contract between the parties, **the opposing party's failure to perform a defined obligation under the contract**, and a breach causing the claimant to sustain[] damages.'" *Nelson v. Elizabeth Bd. of Educ.*, 466 N.J. Super. 325, 342 (App. Div. 2021) (emphasis added).[1]

Here, Plaintiff has properly alleged the existence of a valid contract and performance by the Plaintiff, but has not properly alleged Defendant's breach of contractual terms. As was the case with the original complaint, the FAC fails to sufficiently identify contractual terms breached by Defendant, which the Court noted in its previous order dismissing the original complaint. [*See* Dkt. 49 at 3 ("Certainly, in order for [Plaintiff] to plausibly allege a breach of contract, it must identify the contract term that was allegedly breached.")]. The FAC alleges Eisai did not pay Plaintiff in full or on time, but it does not allege the basis for the amount allegedly owed or the basis for the date by which the payment was allegedly due. Even after requesting and being given leave to amend its complaint, Plaintiff's breach of contract claim in its FAC suffers from

---

[1] The contract between Plaintiff and Eisai contains a choice of law clause requiring the contract to be interpreted according to the laws of the State of New Jersey. [Dkt. 37 § 17(i)]. Thus, substantive New Jersey law applies to the breach of contract claims.

the same defects as the original complaint. Accordingly, Plaintiff's First Cause of Action is dismissed with prejudice.

### 2. *Second Cause of Action: Breach of the Implied Covenant of Good Faith and Fair Dealing*

Eisai moves to dismiss Plaintiff's Second Cause of Action for failure to state a claim. Under New Jersey law, "a party . . . under a contract breaches the duty of good faith and fair dealing if that party exercises its discretionary authority arbitrarily, unreasonably, or capriciously, with the objective of preventing the other party from receiving its reasonably expected fruits under the contract." *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 251 (2001).

Here, Plaintiff's FAC is sorely devoid of factual allegations to plausibly plead a claim for a breach of the implied covenant of good faith and fair dealing. First, Plaintiff has not pled sufficient facts to show that Eisai had the objective to prevent Plaintiff from receiving the fruits of the contract. Second, Plaintiff has not pled sufficient facts to show which fruits it reasonably expected that it did not receive due to Eisai's alleged breach. The FAC's allegations regarding Plaintiff's Second Cause of Action are as defective as they were in the original complaint, which the Court noted were "vague and underwhelming." [Dkt. 49 at 4]. It appears that even with the benefit of leave to amend its complaint, Plaintiff has still been unable to plead sufficient facts to state a claim for breach of the implied covenant of good faith and fair dealing. Accordingly, Plaintiff's Second Cause of Action is dismissed with prejudice.

### 3. *Third, Fourth, and Fifth Causes of Action*

Eisai argues Plaintiff has failed to adequately plead its Third, Fourth, and Fifth Causes of Action for intentional interference with contract, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage, respectively, against Eisai because Plaintiff alleges tortious acts and statements only by Worldwide, but not by

Eisai, and that Plaintiff has not alleged a sufficient agency relationship to impute Worldwide's alleged actions to Eisai. The Court agrees.

"An agency relationship may be created through actual or apparent authority." *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017). "Actual authority arises through 'the principal's assent that the agent take action on the principal's behalf.'" *Id.* "Apparent authority arises by 'a person's manifestation that another has authority to act with legal consequences for the person who makes the manifestation, when a third party reasonably believes the actor to be authorized and the belief is traceable to the manifestation.'" *Id.* at 1055. "Whether an agency relationship exists also depends on the level of control a principal exerts over the agent." *Id.*

In the FAC, Plaintiff alleges only that Worldwide made statements that interfered with Plaintiff's relationships with third-party study sponsors. [FAC ¶¶ 34–56]. However, Plaintiff's Third, Fourth, and Fifth Causes of action lack sufficient allegations that Worldwide acted as an agent of Eisai when it made the alleged tortious statements. [*Id.*]. At best, Plaintiff states in a conclusory fashion that "[b]ecause [the Worldwide Defendants] operate as CROs within the pharmaceutical study field," they "were the express agents of [Eisai], and Worldwide Defendants worked closely with ARC on the contract between ARC and [Eisai]." [FAC ¶¶ 43]. However, these allegations are insufficient to establish that Worldwide made the alleged tortious statements as an agent of Eisai or with Eisai's authority. Absent any allegations of wrongdoing by Eisai itself or allegations that Worldwide operated as Eisai's agent, the FAC fails to state its Third, Fourth, and Fifth Causes of Action against Eisai. Accordingly, the Court dismisses without prejudice Plaintiff's Third, Fourth, and Fifth Causes of Action as against Eisai.

**D. Eisai's Anti-SLAPP Motion to Strike**

Because the Court dismisses all of Plaintiff's claims against Eisai pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court denies Eisai's anti-SLAPP motion to strike and request for attorneys' fees pursuant to California Code of Civil Procedure 425.16 as moot.

**E. Worldwide's Motion to Dismiss Under Rule 12(b)(6)**

Worldwide moves to dismiss Plaintiff's Third, Fourth, and Fifth Causes of action for failure to state a claim under Rule 12(b)(6).

**1. *Third Cause of Action: Intentional Interference with Contract***

Plaintiff has not sufficiently stated a claim for intentional interference with contract. To state a claim for intentional interference with contractual relations, Plaintiff must allege: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 55 (1998) (quoting *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990) (internal quotation marks omitted)). To plead this claim adequately, Plaintiff "must identify the third party or parties with whom [it] contracted, and the nature and extent of [its] relationship with that party or parties." *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.,* 117 F. Supp. 3d 1092, 1115 (C.D. Cal. 2015).

Here, Plaintiff fails to plead sufficient facts to establish elements one and two of an intentional interference with contract claim. First, Plaintiff's allegation that it has "2 contracts with another study sponsor named Alkermes" is conclusory and insufficient to survive a motion to dismiss. Second, Plaintiff's allegation that Worldwide "knew that [Plaintiff] had those contracts with

Alkermes" is also conclusory and insufficient. The Court thus dismisses Plaintiff's Third Cause of Action as to Worldwide.

**2. *Fourth Cause of Action: Intentional Interference with Prospective Economic Advantage***

Plaintiff has not sufficiently stated a claim for intentional interference with prospective economic advantage. To plead a claim for intentional interference with prospective business advantage, a plaintiff must allege "(1) a specific economic relationship between the plaintiff and some third person containing the probability of future economic benefit to the plaintiff; (2) knowledge by defendant of the existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages proximately caused by the defendant's acts." *Panavision Int'l, L.P. v. Toeppen*, 945 F. Supp. 1296, 1305 (C.D.Cal.1996) (citing *Eichman v. Fotomat Corp.*, 871 F.2d 784, 800 (9th Cir.1989).).

Plaintiff fails to plead sufficient facts to establish the first and second elements of an intentional interference with prospective economic advantage claim. First, Plaintiff alleges only indirectly and only in a conclusory fashion that it "had prospective economic advantages and/or relationships with Alkermes, as well as other study sponsors." [FAC ¶¶ 43]. Second, Plaintiff similarly alleges in a conclusory fashion that because Worldwide operates as a "CRO[] within the pharmaceutical study field," Worldwide knew about Plaintiff's alleged relationships with Alkermes and other study sponsors. [*Id.*]. Plaintiff's allegation that Worldwide's involvement in the contract between Plaintiff and Eisai does not support the conclusion that Worldwide knew of Plaintiff's relationships with other study sponsors. [*See id.*]. Such threadbare allegations are insufficient to survive a motion to dismiss. Accordingly, the Court dismiss Plaintiff's Fourth Cause of Action as to Worldwide.

### 3. *Fifth Cause of Action: Negligent Interference with Prospective Economic Advantage*

Plaintiff has not sufficiently stated a claim for negligent interference with prospective economic advantage. To plead a claim for negligent interference with prospective economic advantage, a plaintiff must allege that "(1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship." *N. Am. Chem. Co. v. Superior Ct.*, 59 Cal. App. 4th 764, 786 (1997).

Plaintiff failed to adequately allege the first three elements. First, Plaintiff only conclusory alleged that it had "[a]n economic relationship" with third-party study sponsors, including Alkermes, Acadia, and Eliam, "which contained a reasonably probable future economic benefit or advantage to [Plaintiff]." [FAC ¶ 51]. Second, Plaintiff conclusory alleges Worldwide knew about these purported relationships because Worldwide operates as a CRO in the pharmaceutical study field. [FAC ¶ 52]. Plaintiff's allegation that Worldwide's involvement in the contract between Plaintiff and Eisai does not support the conclusion that Worldwide knew of Plaintiff's relationships with other study sponsors. [*See id.*]. Third, Plaintiff's allegation that Worldwide was negligent is conclusory and contains no factual support. Plaintiff's allegation that Worldwide's involvement in the contract between Plaintiff and Eisai does

not support the conclusion that Worldwide knew of Plaintiff's relationships with other study sponsors. [*See id.*]. Such threadbare allegations are insufficient to survive a motion to dismiss. Accordingly, the Court dismisses Plaintiff's Fifth Cause of Action as to Worldwide.

**F. WorldWide's Anti-SLAPP Motion to Strike**

Because the Court dismisses all of Plaintiff's claims against Worldwide pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court denies Worldwide's anti-SLAPP motion to strike and request for attorneys' fees pursuant to California Code of Civil Procedure 425.16 as moot.

**G. Leave to Amend**

Plaintiff requests leave to amend. Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave when justice so requires." With respect to Plaintiff's First and Second Causes of Action, the Court has already granted Plaintiff leave to amend those claims, and yet in the FAC, the defects identified by the Court in the original complaint remain. The Court thus has no reason to believe, and Plaintiff does not articulate why or how, Plaintiff will be able to cure the deficiencies if given yet another opportunity to amend those claims. Accordingly, Plaintiff's First and Second Causes of Action are dismissed with prejudice.

However, with respect to Plaintiff's Third, Fourth, and Fifth Causes of Action, the Court notes that Plaintiff has not yet had the benefit of the Court's analysis or identification of deficiencies therein. Thus, the Court grants Plaintiff leave to amend its Third, Fourth, and Fifth Causes of Action.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Eisai's motion to dismiss [Dkt. 53], **GRANTS IN PART** Worldwide's motion to dismiss [Dkt. 54], and **ORDERS** as follows:

1. Plaintiff's First Cause of Action for Breach of Contract is **DISMISSED WITH PREJUDICE**;
2. Plaintiff's Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing is **DISMISSED WITH PREJUDICE**;
3. Plaintiff's Third Cause of Action for Intentional Interference with Contract as against all Defendants is **DISMISSED WITHOUT PREJUDICE**;
4. Plaintiff's Fourth Cause of Action for Intentional Interference with Prospective Economic Advantage as against all Defendants is **DISMISSED WITHOUT PREJUDICE**;
5. Plaintiff's Fifth Cause of Action for Negligent Interference with Prospective Economic Advantage as against all Defendants is **DISMISSED WITHOUT PREJUDICE**;
6. Eisai's anti-SLAPP motion to strike and request for attorneys' fees pursuant to California Code of Civil Procedure 425.16 are **DENIED AS MOOT**;
7. Worldwide's anti-SLAPP motion to strike and request for attorneys' fees pursuant to California Code of Civil Procedure 425.16 are **DENIED AS MOOT**; and
8. The Court **GRANTS** Plaintiff leave to amend its Third, Fourth, and Fifth Causes of Action for intentional interference with contract, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage, respectively. If Plaintiff wishes to file a second amended complaint, it is **DIRECTED** to do so no later than July 7, 2023. Plaintiff is further **DIRECTED** to file a "redlined" version of the amended complaint identifying all additions and deletions of

material as an appendix to the amended complaint. An additional copy of the redlined complaint must be provided to Chambers by email at SSS_Chambers@cacd.uscourts.gov on the same day the second amended complaint is filed electronically. Defendants must respond to the second amended complaint within 21 days after Plaintiff serves the second amended complaint on Defendants. If Plaintiff does not file a second amended complaint by July 7, 2023, the Court may dismiss the entire action without prejudice.

**IT IS SO ORDERED.**

Dated: June 22, 2023

SUNSHINE S. SYKES
United States District Judge